# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (NORTHERN DIVISION)

| | |
|---|---|
| **BRYAN BOWEN**<br>7410 Brixworth Court<br>Unit 302<br>Windsor Mill, Maryland 21244 | <u>Jury Trial Requested</u> |
| Plaintiff, | Civil Action No.: |
| *Individually and on Behalf of All Similarly Situated Employees* | |
| v. | <u>Collective/Class Claims</u> |
| **ATHELAS INSTITUTE, INC.**<br>8850 Stanford Boulevard<br>Suite 2600<br>Columbia, Maryland 21045 | |
| Serve: Robert L. Fila<br>3706 St. Johns Lane<br>Ellicott City, Maryland 21042 | |
| Defendant. | |

## **COLLECTIVE ACTION COMPLAINT FOR WAGES OWED**

Bryan Bowen, Plaintiff, by and through his undersigned counsel and the Law Offices of Peter T. Nicholl, hereby submits his Complaint against Athelas Institute, Inc., Defendant, to recover unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (hereinafter, "FLSA"); unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq*. (hereinafter, "MWHL"); and unpaid wages, interest, treble damages, reasonable attorneys' fees

and costs under the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl., §§ 3-501, *et seq*. (hereinafter, "MWPCL"), and in support thereof, states as follows:

## INTRODUCTION AND BACKGROUND

Athelas Institute, Inc. ("Defendant") provides services to individuals with intellectual and developmental disabilities. These individuals are Defendant's clients, who are incapable of functioning on their own. Defendant's clients require constant monitoring and care.

To assist with caring for its clients, Defendant staffs multiple positions at its facilities. Plaintiff worked for Defendant in two (2) different positions; he was employed as both a Vocational Instructor and a Van Aide. The demands of both positions required Plaintiff to routinely work over forty (40) hours per week. Plaintiff was compensated at two (2) different rates for these positions. However, Defendant miscalculated Plaintiff's overtime rate by failing to average those rates in order to produce his correct "regular rate" of pay. As a result, Plaintiff was not paid the proper amount for all of his overtime hours worked. Defendant's other employees have also been harmed by this unlawful practice; Defendant has refused to pay the proper overtime rate to any of its employees who hold or held two (2) or more positions.

## THE PARTIES

1. Defendant Athelas Institute, Inc. (hereinafter, "Defendant") is an incorporated non-profit business.

2. Defendant's primary office is in Howard County, Maryland.[1]

3. Due to the nature of its business, Defendant is subject to the FLSA, MWHL and the MWPCL.

---

[1] Any reference to Defendant shall include its corporate officers and all those empowered to act as agents of the corporation, either explicitly or implicitly, or who are designated as agents under the doctrine of apparent agency. To the extent individual agents are responsible for any actions alleged in this Complaint, they are hereby incorporated by reference within the term "Defendant."

4. Defendant's annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

5. Defendant is engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

6. Plaintiff Bryan Bowen (hereinafter, "Plaintiff") is an adult resident of Baltimore County, Maryland.

7. Plaintiff worked for Defendant who, at all times throughout Plaintiff's employment, fell within the definition of the term "employer" under the FLSA, 29 U.S.C. § 203(d), MWHL, § 3-401(b) and the MWPCL, § 3-501(b).

8. At all times relevant to this Complaint, Plaintiff engaged in interstate commerce by the nature of his duties performed as part of his employment with Defendant.

9. Plaintiff was employed with Defendant from approximately 2003 to 2017.

10. At all times relevant, Plaintiff and others similarly situated worked as non-exempt employees for Defendant.

11. While employed with Defendant, Plaintiff and others similarly situated all held two (2) or more positions and were paid two (2) or more rates of pay.

12. For the relevant period, Plaintiff held two (2) different positions: Vocational Instructor and Van Aide.

13. At all times relevant to this Complaint, Defendant supervised the duties performed by Plaintiff and other similarly situated employees.

14. Defendant controlled Plaintiff's tasks and the tasks performed by others similarly situated.

15. Defendant was actively engaged in the management and direction of Plaintiff and other similarly situated employees.

16. Defendant set Plaintiff's schedule and the schedules for others similarly situated.

17. Defendant had the power and authority to change the course of Plaintiff's and other similarly situated employees' duties.

18. Defendant possessed and exercised the authority to determine the hours worked by Plaintiff and others similarly situated.

19. Defendant made all decisions relating to Plaintiff's and other similarly situated employees' rates and method of pay.

20. Plaintiff and others similarly situated recognized Defendant's authority and obeyed Defendant's instructions.

## JURISDICTION AND VENUE

21. Original jurisdiction in this Honorable Court is expressly provided by FLSA, 29 U.S.C. § 207, *et seq*. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, as this matter presents a federal question.

22. Discretionary supplemental jurisdiction of Plaintiff's Maryland state law claims is provided by 28 U.S.C. § 1367(a); the state law claims form part of the same controversy and derive from a common nucleus of facts.

23. No reasons exist that would require this Honorable Court to decline jurisdiction; the state law claims (i) do not raise novel or complex issues of state law, (ii) do not substantially predominate the claims over which this Honorable Court has original jurisdiction and (iii) no exceptional circumstances exist that would constitute a compelling reason for declining jurisdiction, thereby satisfying 28 U.S.C. 1367(c).

24. Pursuant to 28 U.S.C. § 1391(b), venue is appropriate; the unlawful acts central to this matter occurred within the State of Maryland. A substantial part of the events or omissions giving rise to the claims also occurred in Maryland.

## FACTUAL ALLEGATIONS

25. Defendant provides healthcare services to individuals with intellectual and developmental disabilities. These individuals are Defendant's clients, who are in need of constant care and supervision.

26. Defendant hired Plaintiff and other similarly situated employees to assist its clients.

27. Plaintiff and others similarly situated hold or held two (2) or more different positions. Defendant compensated Plaintiff and those similarly situated at two (2) or more different rates of pay for those positions.

28. The demands of Plaintiff's and other similarly situated employees' positions required them to work overtime.

29. Defendant failed to properly calculate Plaintiff's and other similarly situated employees' overtime rate. As a result, Plaintiff and others similarly situated were denied overtime wages.

30. Defendant did not correctly calculate calculate Plaintiff's and other similarly situated employees' regular rate of pay by not averaging together the multiple rates they received for each of their positions during a given workweek.

31. For example, for the pay period ending February 4, 2017, Plaintiff was compensated for seven point five (7.5) regular hours at a rate of $8.75 and seventy-two point five (72.5) regular hours at a rate of $11.20. Plaintiff was then paid for thirty-two point five 32.5 hours of overtime at a rate of $13.13 per hour. *See* Exhibit 2.

32. For purposes of determining his overtime rate, Plaintiff's regular rate was not calculated pursuant to the FLSA. Instead, Defendant compensated Plaintiff at an overtime rate based solely on the position in which his rate was lower.

33. Defendant intentionally paid Plaintiff the overtime rate he received for his lower paying position rather than averaging his hourly rates for both positions. This led to an underpayment in overtime wages due to Plaintiff not receiving his correct regular rate.

34. Upon information and belief, Defendant miscalculates the overtime rates for all hourly, non-exempt employees who hold two (2) or more different positions and or are paid at two (2) or more different pay rates for those positions in a single workweek.

35. There is no bona fide dispute that Plaintiff and other similarly situated employees are owed overtime wages for all hours worked over forty (40) in a workweek.

36. Defendant knew that Plaintiff and others similarly situated worked well over forty (40) hours per week.

37. Defendant suffered, permitted and/or required Plaintiff and others similarly situated to work these overtime hours.

38. Defendant, acting without good faith, withheld the proper overtime wages owed to Plaintiff and those similarly situated.

39. Consequently, on behalf of himself and all those similarly situated, Plaintiff seeks the wages to which he is entitled and other available relief through this Complaint.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

40. Plaintiff and other similarly situated employees work or worked as hourly non-exempt employees for Defendant in two (2) or more positions and were paid two (2) or more different rates of pay for these positions in a single workweek.

6

41. The FLSA requires employers to compensate non-exempt employees such as Plaintiff and others similarly situated with overtime wages for all hours worked over forty (40) in a single workweek.

42. When an employee in a single workweek receives two (2) or more different rates of pay, that employee's regular rate for that week should be the weighted average of such rates.

43. An employee's regular rate is calculated by dividing the employee's total earnings by the total number of hours worked for all positions that the employee held during that week.

44. Defendant knew or should have known how to calculate Plaintiff's and other similarly situated employees' regular rate of pay.

45. Defendant failed to properly calculate Plaintiff's and other similarly situated employees' regular rate of pay.

46. As a result of Defendant's unlawful conduct, Plaintiff and members of the collective class failed to receive overtime wages.

47. Pursuant to the FLSA, Plaintiff commences this collective action against Defendant on behalf of himself and all those similarly situated.

48. Plaintiff demands damages reflecting the correct overtime rate of not less than one and a half (1.5) times his regular rate of pay for all hours worked over forty (40) in any workweek within the statutory period. Plaintiff makes this same demand on behalf of all members of the putative class.

49. Plaintiff consents to be a party plaintiff in this matter. Plaintiff's consent form is attached to this Complaint as Exhibit 1.

50. It is likely that other individuals will join Plaintiff during the litigation of this matter and file written consents to "opt in" to this collective action.

51. There are numerous similarly situated current and former employees of Defendant that have been harmed by Defendant's common scheme to underpay its employees and violate the FLSA.

52. These similarly situated persons are known to Defendant and are readily identifiable through Defendant's records.

53. Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

54. Upon information and belief, others will choose to join Plaintiff in this action in order to recover their unpaid wages and to seek all other available relief.

### CLASS ACTION ALLEGATIONS UNDER MARYLAND WAGE LAWS

55. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and other employees, current and former, that work or worked for Defendant as hourly non-exempt employees and were subject to the following practices and policies: denial of proper overtime wages under the MWHL for hours worked over forty (40) in a single workweek; and the denial of all wages owed at the termination of their employment, in violation of the MWPCL.

56. Plaintiff is a member of the proposed class he seeks to represent.

57. The claims alleged by Plaintiff are typical to the claims of the proposed class.

58. The potential members of the class are sufficiently numerous, making joinder of all class members impractical.

59. There are questions of law and fact common to the class that predominate over any questions exclusive to the individual class members.

60. A class action is superior to other available methods for the fair and efficient adjudication of this case and will serve to promote judicial economy to the benefit of this Court, as well as the involved parties.

61. Counsel for the proposed class are qualified and experienced in litigating MWHL class actions and other complex litigation matters.

62. Counsel is capable of providing adequate representation for all members of the proposed class.

## CAUSES OF ACTION AND VIOLATIONS OF LAW

### *Count I. Violation of the FLSA: Failure to Pay Overtime Wages*

63. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

64. Plaintiff is entitled to overtime under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times the regular rate at which they are employed.

65. Defendant has failed to properly compute its employees' regular rate pursuant to 29 C.F.R. § 778.115.

66. As described above, Plaintiff has not received from Defendant compensation reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week.

67. Defendant willfully and intentionally failed to compensate Plaintiff properly for the overtime wages he was owed.

68. There is no bona fide dispute that Plaintiff is owed overtime wages for the work he performed for Defendant.

69. Under the FLSA, Plaintiff is entitled to additional wages from Defendant to compensate him for the additional hours he worked over forty (40) each week at a rate of one and one-half (1.5) times his regular hourly wage rate.

### *Count II.  Violation of MWHL: Failure to Pay Overtime Wages*

70. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

71. Pursuant to Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate.

72. Pursuant to Maryland Labor and Employment Code Ann. § 3-420(a), an employer shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) workweek.

73. Plaintiff has not received the proper compensation from Defendant reflecting the correct overtime wage rate for hours worked in excess of forty (40) in a week.

74. Defendant willfully and intentionally failed to compensate Plaintiff for the overtime hours he worked.

75. There is no bona fide dispute that Plaintiff is owed overtime wages for the work he performed for Defendant.

76. Under MWHL, Plaintiff is entitled to additional wages from Defendant for all overtime hours worked at the proper rate.

### *Count III. Violation of the MWCPL: Failure to Pay Wages Owed*

77. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

78. Plaintiff is entitled to wages under the Maryland Wage Payment Collection Law, Labor and Employment §§3-501 *et. seq.,* which provides that each employer shall pay an employee all wages due for work that the employee performed before the end of his or her employment, on or before the day on which the employee would have otherwise been paid the wages.

79. In accordance with §3-505(a), Plaintiff has not received compensation from Defendant for all wages owed for the work he performed before the termination of his employment. This is specific to Defendant's failure to pay Plaintiff the proper overtime rate for all hours worked over forty (40) in a workweek.

80. Defendant willfully and intentionally withheld the wages owed to Plaintiff and continued to violate the MWPCL.

81. There is no *bona fide* dispute that Plaintiff is owed wages for the work he performed while employed by Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a) Designation of this action as a collective action on behalf of Plaintiff and those similarly situated;

b) Designation of this action as a class action on behalf of Plaintiff and all members of the proposed state class;

c) Judgment against Defendant for its failure to pay Plaintiff and those similarly situated in accordance with the standards set forth by the FLSA;

d) Judgment against Defendant for its failure to pay Plaintiff and those similarly situated in accordance with the standards set forth by MWHL;

e) Judgment against Defendant for its failure to pay Plaintiff and those similarly situated in accordance with the standards set forth by the MWPCL;

f) An award against Defendant for the amount of unpaid overtime wages owed, calculated at a rate that is not less than one and a half (1.5) times Plaintiff's and the putative class' regular rate for all overtime hours worked;

g) An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiff and those similarly situated;

h) An award of treble damages equal to the total amounts of unpaid wages owed to Plaintiff and those similarly situated;

i) An award of reasonable attorneys' fees and all costs, plus interest, to be satisfied in full by Defendant;

j) Leave to add additional plaintiffs, opt-in or party, through the filing of consent forms; and

k) All further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that a jury of his peers hear and decide all possible claims brought on behalf of Plaintiff and those similarly situated.

Respectfully submitted,

*/s/ Benjamin L. Davis, III*
Benjamin L. Davis, III, Esq. (29774)
bdavis@nicholllaw.com
Kelly A. Burgy, Esq. (20758)
kaburgy@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Phone No.: (410) 244-7005
Fax No.:    (410) 244-8454

*Attorneys for Plaintiff*