IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **BRYAN BOWEN,** *et al.***,** | | |
| | * | |
| **Plaintiffs,** | | |
| | * | |
| **v.** | | **Case No.: DLB-19-2628** |
| | * | |
| **ATHELAS INSTITUTE, INC.** | | |
| | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Bryan Bowen and other similarly situated employees filed this collective action against their employer, Athelas Institute, Inc., claiming that Defendant failed to pay them overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-430, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509. Compl. ¶¶ 40, 47, 64, 71, 78, ECF No. 1. On July 15, 2020, the parties filed a joint motion for court approval of the settlement agreement they have entered. ECF No. 69. I find the amount plaintiffs are to receive is reasonable and fair considering the facts of the case.

### I.      Background

Plaintiffs worked for Athelas Institute, Inc. as non-exempt employees at all relevant times. Compl. ¶ 10. During their employment, plaintiffs held two or more positions and thus were paid based on two or more rates. *Id.* ¶ 11. Plaintiffs allege that Athelas Institute, Inc. did not calculate their regular and overtime rates correctly and thus failed to pay the wages accordingly. *Id.* ¶¶ 30–34.

The Settlement Agreement ("Agreement") releases and discharges defendant from

> any and all state, local, or federal claims . . . for alleged wages, compensation, liquidated or other damages, losses, unpaid costs . . . or other compensation and relief arising under the FLSA, Maryland Wage and Hour Law, Maryland Wage Payment and Collection Law, Maryland common law, or any other law applicable to the payment of wages, overtime or compensation, whether known or unknown.

Agr. 3, ECF No. 70-1.  The gross settlement amount of the Agreement is $81,630.90, which includes $27,961.61 for unpaid wages, $22,369.29 for liquidated damages, service awards totaling $2,500, and attorneys' fees and costs totaling $28,800.00.  *Id.* at 6.

## II.  Discussion

### A.  FLSA Settlement

The FLSA was enacted to protect workers from "substandard wages and excessive hours" due to the existence of the unequal bargaining power between employers and employees.  *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To protect workers from the unequal bargaining power, "[t]he FLSA does not permit settlement or compromise over alleged FLSA violations" unless there is "(1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects 'a reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Elejalde v. Perdomo Constr. & Mgmt. Serv., LLC*, No. GJH-14-3278, 2016 WL 6304660, at *1 (D. Md. Oct. 27, 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Fourth Circuit has not ruled on the factors in determining whether a settlement should be approved.  However, this Court typically adopts the standard set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in which the Eleventh Circuit stated that a settlement must be "a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions."  *See Elejalde*, 2016 WL 6304660, at *1 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v.*

*LBDP, Inc.*, No. DKC 12-1083, 2013 WL 2949047, at \*3 (D. Md. June 13, 2013).  Specifically, the Court considers: (1) "whether there are FLSA issues actually in dispute," (2) "the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23," and (3) "the reasonableness of the attorneys' fees, if included in the agreement."  *Duprey*, 30 F. Supp. 3d at 408 (citing *Lynn's Food Stores,* 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at \*10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC,* No. DKC-10-2261, 2011 WL 3880427, at \*2–3 (D. Md. Aug. 31, 2011)).  In *Duprey*, this Court explained that "these factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'"  *See id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

### 1.  *Bona Fide* Dispute

To determine whether a *bona fide* dispute exists within the coverage of the FLSA, this Court reviews the pleadings, the recitals in the Agreement, and other court filings in this case.  *See id. at* 408.  There are several issues that both parties genuinely dispute in the current case.  *See* Jt. Mem. 14, ECF No. 69-1.  Significantly, the parties dispute that the defendant owes plaintiffs overtime wages. *See id.*

### 2.  Fairness & Reasonableness

To determine whether a settlement of FLSA liability is fair and reasonable, the Court considers:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff[]; (5) the opinions of class counsel . . . ; and (6) the probability of plaintiff['s] success on the merits and the amount of the settlement in relation to the potential recovery.

3

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo*, 2009 WL 3094955, at *10).  These factors are applied here.

First, the parties have engaged in informal discovery but not formal discovery.  *See* Jt. Mem. 15.

Second, the parties negotiated the settlement agreement prior to the initiation of formal discovery.  *See id.*  The parties also recognize "the complexity of the case and the inherent risks of litigation," believing that "extensive motions practice and discovery would have drastically increased attorneys' fees and costs on both sides."  *See id.* at 3, 15–16.

Third, the parties assert that they have engaged in "adversarial litigation," as well as "extensive arm's length negotiations."  *See id.* at 16.  They agree that "after lengthy negotiation, the [p]arties were able to better evaluate the strengths and weaknesses of their positions and a fair compromise was reached."  *See id.*  As a result, the two parties had sufficient opportunities to "obtain and review evidence, to evaluate their claims and defenses, and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case."  *See Yanes*, 2017 WL 915006, at *2 (quoting *Lomascolo*, 2009 WL 3094955, at *11).  There does not appear to be any fraud or collusion in the settlement.

Fourth, the parties have proved that they are represented by competent and experienced counsel.  *See* Jt. Mem. 16.

The fifth factor – the opinions of class counsel – is not relevant because this is a collective action, not a class action.  *See Lomascolo*, 2009 WL 3094955, at *10.

Regarding the sixth factor, if plaintiffs were successful at trial, their total damages would be $83,884.83 based on their method of calculation, which include unpaid overtime wages,

liquidated damages, and treble damages. *See* Jt. Mem. 13. For plaintiffs to be awarded treble damages, they would need to establish that the failure to pay the wages was "not as a result of a *bona fide* dispute." *See* Md. Code Ann., Lab. & Empl. § 3-507.2(b). In light of the disputes in this case, plaintiffs may not be able to obtain treble damages. *See Berrios v. Green Wireless, LLC*, No. GJH-14-3655, 2016 WL 1562902, at *3 (D. Md. Apr. 18, 2016). To avoid liability for liquidated damages, the defendant would need to prove that the nonpayment "was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standard Act of 1938." *See* 29 U.S.C. § 260. Given the facts of this case and the legal standard for liquidated damages, defendant may not be able to avoid liquidated damages. Thus, the parties compromised on the issue of liquidated damages and treble damages. *See* Jt. Mem. 13. The Agreement designates $27,961.61 as unpaid wages, $22,369.29 as liquidated damages, and $2,500.00 as service awards. *See* Ex. 2, ECF No. 69-4.

Indeed, "[i]rrespective of the parties' designation that the settlement covers both unpaid wages and liquidated damages, the appropriate comparison for the reasonableness inquiry is the amount of unpaid wages the Plaintiffs seek compared to the total settlement amount." *Park v. Myung Ga of Md., Inc.*, No. PWG-15-3606, 2016 WL 5957555, at *3 (D. Md. Oct. 13, 2016). Here, the amount plaintiffs sought for unpaid overtime wages is $27,961.61. *See* Ex. 3, ECF No. 69-4. The final wage settlement amount of $52,830.90 is greater than the unpaid wages plaintiffs sought. *See* Jt. Mem. 15. The parties also believe that "[t]he settlement amount represents a fair compromise." *See id.* at 13. In light of the circumstance, I find the settlement amount to be fair and reasonable.

### 3.  Attorneys' Fees

The Court also needs to determine whether the attorneys' fees and costs are reasonable. *See Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012).  The Agreement provides that the attorneys' fees and costs are $28,800.00 in addition to the settlement awards and service awards.  When the Court calculates an award of attorney's fees, it must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *See id.*  The Fourth Circuit addressed specific factors district courts should consider in determining the reasonableness of the fee in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). They are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

Here, plaintiffs were represented by Benjamin L. Davis, III, who has been practicing for 13 years and billed at a rate of $350.00 per hour in this case; Scott E. Nevin, who has been practicing for 36 years and billed at a rate of $450.00 per hour; and Kelly A. Burgy, who has been practicing for 2 years and billed at a rate of $225.00 per hour.  *See* Pls.' Supplement in Support of Fees, ECF No. 69-5.  There were also five paralegals and one law clerk working on this case.  *See id.*  The hours and rates are reasonable in light of the number of plaintiffs and facts of the case.  As a result, the Court finds that the attorneys' fees and costs in this case are fair and reasonable.

**<u>ORDER</u>**

For the reasons stated above, it is, this fourth day of August, 2020, hereby ORDERED that:

1.　　　　The Joint Motion to Approve Settlement, ECF No. 69, IS GRANTED.

2.　　　　The Clerk is DIRECTED to CLOSE THE CASE.

_____/S/_____
Deborah L. Boardman
United States Magistrate Judge
